IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS CREIGHTON,
individually and on behalf of
all others similarly situated,

Plaintiff,

v.                                                   No. 15-0959-DRH

METROPOLITAN LIFE INSURANCE
COMPANY,

Defendant.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction and Background

Pending before the Court is defendant's motion to dismiss plaintiff's complaint or, in the alternative, transfer venue (Doc. 30). Specifically, defendant moves to dismiss the case for lack of personal jurisdiction and/or moves to dismiss the action because the Southern District of Illinois is an improper venue; or alternatively moves to transfer the case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a). Plaintiff sternly opposes the motion (Doc. 47). Based on the following and the applicable law, the Court **DENIES** the motion. However, the Court **TRANSFERS** this matter to the United States District Court for the Southern District of New York for disposition.

On May 15, 2015, Marcus Creighton ("Creighton") filed a two count

purported class action complaint for race discrimination pursuant to the 42 U.S.C. § 1981 against MetLife, Inc., MetLife Securities, Inc., and Metropolitan Life Insurance Company ("Metropolitan") in the Northern District of Illinois (Doc. 1).[1] Count I is for race discrimination and Count II is for retaliation. Creighton, an African American who lives in Missouri, was employed by defendants as a Financial Service Representative ("FSR") from 2001 to October 2014, when he was terminated.[2] He alleges that during most of his employment he was the only African American in his region and that defendants discriminated against him because of his race by denying him valuable client leads, denying him referrals, denying him account transfers, denying him certain distributions, refusing to allow him to pool resources, and denying him opportunities to join management. At this stage of the litigation, Creighton seeks to represent the following class: "African Americans who worked for Defendants as FSRs and who were subjected to discrimination by Defendants due to their race."

On August 27, 2015, District Judge Samuel Der-Yeghiayan granted in part Metropolitan's motion to transfer and transferred this case to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a) (Docs. 24, 25 & 26).[3] Thereafter on August 28, 2015, the case was reassigned to the undersigned (Doc. 29). On

---

1 On June 10, 2015, plaintiff filed his notice of voluntary dismissal without prejudice against MetLife, Inc. and Metlife Securities, Inc. (Doc. 9).
2 According to the complaint, a FSR is a registered broker that sells MetLife benefit products, provides brokerage and wealth management services and serves the face of MetLife to individual and institutional clients.
3 Metropolitan moved to transfer the case to the Eastern District of Missouri. In response to that motion, Creighton indicated that the Southern District of Illinois or the Southern District of New York were suitable districts if the court was inclined to transfer.

September 3, 2015, Metropolitan filed the motion to dismiss for lack of jurisdiction or in the alternative, transfer venue (Doc. 30).  In opposition, Creighton filed a motion to strike and response to defendant's second motion to dismiss plaintiff's complaint or, in the alternative, transfer venue (Doc. 47).  Afterwards, Metropolitan filed a motion for oral argument (Doc. 48) and Creighton filed a response (Doc. 51).  After reviewing the pleadings, the Court finds that oral argument is not necessary and denies as moot that motion.  The Court turns now to address the merits of the motion to dismiss or transfer.

### Rule 12(b)(3) and 28 U.S.C. § 1406(a)

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought.

In deciding a motion to dismiss for improper venue, the district court need not limit its consideration to the pleadings or convert the motion to one for summary judgment, if the parties submitted evidence outside the pleadings. *Faulkenberg v. CB Tax Franchise Systems, LP,* 637 F.3d 801, 809–10 (7th Cir. 2011), *citing Continental Cas. Co. v. American Nat. Ins. Co.,* 417 F.3d 727, 733 (7th Cir. 2005).  Further,  the court in determining Rule 12(b)(3) motions must draw, "reasonable inferences from the facts should be

construed in the plaintiffs' favor." *Jackson v. Payday Financial, LLC,* 764 F.3d 765 (7th Cir. 2014). 5B Charles Alan Wright, et al., *Federal Practice & Procedure* § 1352 (3d ed. 2004) ("And, as consistent with practice in other contexts, ... the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff"). If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have filed it initially. *See* 28 U.S.C. § 1406(a). Venue can be proper in more than one district. *See Armstrong v. LaSalle Bank Nat'l Ass'n,* 552 F.3d 613, 617 (7th Cir. 2009).

Here, Metropolitan maintains that Rule 12(b)(3) dismissal and or transfer to the Eastern District of Missouri is warranted because venue is not proper in this judicial district. The Court rejects this argument as it finds that venue is proper in the Southern District of Illinois.

> 28 U.SC. 1391(b) provides that a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Further, § 1391(c)(2) defines residency of a corporation for venue purposes. A corporation is deemed to reside in "any judicial district in

which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

Based on the statute above and record, it is obvious to this Court that it has personal jurisdiction over Metropolitan and that venue is proper in the Southern District of Illinois. Metropolitan admits that it conducts business in all 50 states and in over 467 office locations; 24 of those offices are located in Illinois (5.1% of total locations). Further, Metropolitan employs around 7,174 employees and approximately 546 of whom are based in Illinois (7.6% of all employees). Further, Creighton's assigned territory encompassed seven states that included a portion of Southern Illinois which is within this this judicial district. Clearly, Metropolitan conducts business in Illinois and has the requisite minimum contacts with Illinois such that maintenance of the suit would not offend traditional notions of fair play and substantial justice, and Metropolitan could reasonably anticipate being haled into court here. *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014), citing *Int'l Shoe Co. v. Wash., Office of Unemployment Comp & Placement*, 326 U.S. 310, 319 (1945), and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Thus, venue is proper in the Southern District of Illinois and the Court must deny Metropolitan's motion to dismiss or alternative motion to transfer.

While venue is proper here, the Court concludes that the previous transfer order was based on misinformation. The record reflects that Creighton issued two policies in Illinois several years ago (2004 & 2008). This alone is too remote

in time to be relevant as to the allegations of this case. In fact, Creighton's license and registrations to conduct business in Illinois expired in 2010. He neither lived nor worked in Illinois. He was not supervised by any individuals located in Illinois. Based on the forgoing, the Court finds that Judge Der-Yeghiayan was misled regarding the extent of work that plaintiff did in the Southern District of Illinois and that Judge Der-Yeghiayan transferred the case based on that misrepresentation.

However, based on the record and the following, the Court concludes that this case should be transferred to the Southern District of New York for disposition. Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." So, § 1404(a) transfer is appropriate if three criteria are met: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district, and (3) transfer will serve the convenience of the parties and witnesses and promote the interest of justice. This determination is left primarily to the district court's sound discretion. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010)(citing *Coffey Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The Court may transfer the case *sua sponte*. *Germaine v. St. Germain*, 2011 WL 1897399 at *1 (7th Cir. 2011).

All three requirements are satisfied in this case. Venue is proper in the Southern District of Illinois. Also, venue is proper in the Southern District of New

York. Metropolitan is incorporated and maintains it headquarters and principal place there. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 905 (7th Cir. 1999) (affirming venue of corporate defendant's principal place of business). Further, the Court finds that it would serve the convenience of the parties and witnesses. Creighton in his previous response alternatively requested that the Court transfer the case to the Southern District of New York and admitted that it would best serve the convenience of the parties and witnesses and the interest of justice (Doc. 22, p. 7). Further, the Southern District of New York would be convenient for Metropolitan and its witnesses as it is located/headquartered there.

Additionally in the case at bar, transfer would foster the interest of justice. This component is a "separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978, citing *Van Dusen v. Barrack*, 376 U.S. 612, 626-27 (1964). The analysis focuses on factors such as docket congestion and likely speed to trial in the transferor and transferee forum, each court's relative familiarity with the relevant law, the desirability of resolving controversies in each locale, and the relationship of each forum to the controversy. *Research Automotation*, 626 F.3d at 978. This component "may be determinative, warranting transfer" even where the convenience of the parties and witnesses supports a different result. *Id., citing Coffey*, 796 F.2d at 220-21.

The interest of justice factor clearly favor transfer of the case at bar. The Federal Court Management Statistics show that – for civil cases in the 12-month

period ending March 2015 – the median time frame from filing to disposition was 39 months in the Southern District of Illinois and 8.9 months in the Southern District of New York. Specifically as to cases resolved via trial, the median time was 38 months in the Southern District of Illinois and 32.1 in the Southern District of New York. The same statistics for the 12-month period ending in June 2015 bear out the same conclusion that a speedier resolution will result from transfer. The median time frame from filing to disposition in the Southern District of Illinois was 35 months and 8.9 months in the Southern District of New York. Also, the median time frame from filing to trial was 30.1 months in the Southern District of Illinois and 30 months in Southern District of New York.

   Not only would disposition occur more quickly in the transferee forum, the Southern District of New York has an undeniably stronger relationship to the controversy. While Judge Der-Yeghiayan noted that Creighton worked in Missouri and Illinois; he also noted that "local interests involved in this case are also limited due to the fact that Creighton intends to pursue a nationwide class action." The Court finds that it is reasonable to look to where decisions were made and to where the decision makers may be found. As stated previously, Metropolitan is headquartered in the Southern District of New York where all the records, the policy makers and decision makers are located. Clearly, this purported nationwide class action should be maintained in the Southern District of New York. The interest of justice component squarely favors transfer to the Southern District of New York.

## Conclusion

Accordingly, the Court **DENIES** defendant's motion to dismiss pursuant to Rule 12(b)(3) and/or 28 U.S.C. 1406(a) or, alternatively to transfer pursuant to 28 U.S.C. § 1406(a) (Doc. 30). However, pursuant to 28 U.S.C. § 1404(a), the Court *sua sponte* **TRANSFERS** this matter to the Southern District of New York. Further, the Court **DENIES** the motion to strike (Doc. 47) and **DENIES** as moot the motion for oral argument (Doc. 48).

**IT IS SO ORDERED.**

Signed this 18th day of October, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.10.18 13:53:16 -05'00'

**United States District Judge**